United States District Court
Southern District of Texas
**ENTERED**
May 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN E. GASPARI II, ARJUN RAVISHANKAR, and NANCY A. SMITH, § § § Plaintiffs, § § V. § FMC TECHNOLOGIES, INC., § § Defendant. § | CIVIL ACTION NO. H-13-2353 |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Defendant FMC Technologies, Inc.'s Bill of Costs (Document No. 71) and Memorandum in Support (Document No. 72), and Plaintiffs' Objections thereto (Document No. 74). Having considered Defendant's Bill of Costs, Plaintiffs' objections, the parties' additional briefing, and applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Objections to Defendant's Bill of Costs (Document No. 74) be SUSTAINED in PART and OVERRULED in PART, and that costs be awarded to Defendant FMC Technologies, Inc. in the amount of $19,758.37.

Pursuant to FED. R. CIV. P. 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees– should be allowed to the prevailing party."[1] The following are statutorily recoverable as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[1] Plaintiffs do not dispute that Defendants FMC Technologies, Inc. is a prevailing party within the meaning of Rule 54(d).

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Here, Defendant FMC Technologies, Inc. seeks as recoverable costs the following:

| | |
|---|---|
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: | $18,299.21 |
| Other costs | $2,180.77 |

(Document No. 71). Plaintiffs has filed objections to the Bill of Costs, arguing that (1) the Court should exercise its discretion to deny Defendant costs; (2) the cost of videotaped depositions is not recoverable under § 1920; (3) deposition-related costs and fees for "litigation package," "production/processing," "digitized bundle;" and "shipping and handling" are not recoverable as deposition costs; (4) Defendant has not shown that all of the costs sought for medical and employment records retrieval are recoverable; and (5) costs should be apportioned between the Plaintiffs, and not taxed against Plaintiffs jointly and severally.

Plaintiffs' urging that the Court exercise its discretion and disallow Defendant any costs is not supported by any legal authority and/or factual circumstances. That objection to Defendant's Bill of Costs is OVERRULED. Rule 54(d) provides for an award of costs to the prevailing party, which Defendant is. In addition, Plaintiffs have not cited to, or relied upon, any recognized basis for denying Defendant costs under Rule 54(d). *See Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir.

2006) (reasons which might support the denial of an award of costs include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."). As such, Plaintiffs have not overcome the legal presumption that Defendant is entitled to its recoverable costs under § 1920.

Plaintiffs' objection(s) to the costs associated with Plaintiffs' videotaped depositions are OVERRULED. Since the amendment to § 1920 in 2008, video deposition costs are considered recoverable if they are "shown to be necessary for use in the case under § 1920(2)." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). Here, because Defendant has articulated that it anticipated using the video depositions for impeachment purposes, the costs associated with the videotaped depositions are recoverable.

Plaintiffs' objections to deposition-related costs as not recoverable under § 1920 are SUSTAINED. Shipping and handling charges do not fall within § 1920. *Long*, 807 F.3d at 133 ("As with the cost of expediting transcripts of depositions, incidental costs like shipping, binding, and tabbing are generally not taxable, as these costs are not listed in § 1920). In addition, here is nothing in the record to show that costs for "production and processing,""premium litigation package," "DepoLaunch (digitized bundle)," "scanning"/Exhibits Scanned-Searchable -OCR," either fall within § 1920, or could arguably be encompassed within § 1920(2). As it is the prevailing party's burden to establish that the costs sought are recoverable under § 1920, *see Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) ("once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case"), these costs, $133.00 of Invoice #SF1933507

3

(Document No. 71-1 at 6), $164.32 of Invoice #51489AC (Document No. 71-1 at 9), $169.24 of Invoice #51485AC (Document No. 71-1 at 10), $125.05 of Invoice #SF2462628 (Document No. 71-1 at 12), and $130.00 of Invoice #SF2468010 (Document No. 71-1 at 13), will be disallowed.

Plaintiffs' objections to Defendant's medical and employment record retrieval costs are OVERRULED. Whether considered under § 1920(1) or (4), the costs associated with subpoenas to third party providers for medical and employment records that are necessarily obtained for use in the case are recoverable under as costs under § 1920. Because Plaintiffs put their medical/mental states at issue with their emotional distress claims, costs incurred by Defendant to obtain their medical records are recoverable.

Plaintiffs' objections to a joint and several award of costs is SUSTAINED in PART and OVERRULED in PART. Defendant is not opposed to Plaintiffs' request that the medical and employment record retrieval costs be apportioned amongst the three Plaintiffs. Plaintiffs' apportionment objection is SUSTAINED in PART on that basis, with the record reflecting that Defendant incurred $1,559.27 in costs associated with the retrieval of Plaintiff Gaspari's medical and/or employment records; $222.60 in costs associated with the retrieval of Plaintiff Ravishankar's medical and/or employment records; and $398.90 in costs associated with the retrieval of Plaintiff Smith's medical and/or employment records. With respect to the requested apportionment of the deposition costs, there is no basis for such an apportionment given that each deposition, including those of all three Plaintiffs, were related to each Plaintiff's claims. As such, Plaintiffs' objection to a joint and several award of costs against all three Plaintiffs for the recoverable deposition costs is OVERRULED.

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Plaintiffs' Objections to Defendant's Bill of Costs (Document No. 74) be SUSTAINED in PART and OVERRULED in PART, as set forth above, and that Defendant FMC Technologies, Inc. be awarded costs in the amount of $17,577.60, to be taxed against Plaintiffs jointly and severally; and $1,559.27 in costs to be taxed against Plaintiff Gaspari, individually, $222.60 in costs to be taxed against Plaintiff Ravishankar, individually, and $398.90 in costs to be taxed against Plaintiff Nancy Smith, individually, which costs include medical and employment record retrieval costs for each Plaintiff, which records were necessarily sought and obtained for use in the case.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 5th day of May, 2016.

*[signature]*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE